IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JUAN MATA,** on his own behalf
and as Parent and Next Friend of
JAM and GM, minors

**Plaintiff,**

vs.

No. CIV 10-366
**(JURY TRIAL REQUESTED)**

**THE CITY OF FARMINGTON,**
Farmington Police Department,
a municipality organized under the
laws of the State of New Mexico and
its Police Department;

**TYLER RAHN**, an Officer of the
Farmington Police Department,
Individually and in his Official Capacity,

**ROBERT J. PEREZ**, an Officer (Sergeant)
of the Farmington Police Department,
Individually and in his Official Capacity**,**

**JOHN AHLM**, an Officer of the
Farmington Police Department,
Individually and in his Official Capacity**,**

**JEFFREY BROWNING**, an Officer of the
Farmington Police Department,
Individually and in his Official Capacity,

**DANIEL BROZZO**, an Officer of the
Farmington Police Department,
Individually and in his Official Capacity,

**MICHAEL BRISENO, a/k/a Mike Briseno**,
an Officer of the Farmington Police Department,
Individually and in his Official Capacity,

**Defendants.**

**COMPLAINT FOR CIVIL RIGHTS VIOLATIONS**

Plaintiff, JUAN MATA, on his own behalf and on behalf of his minor children, A.M. and G.M., by and through his attorney, Dennis W. Montoya, Montoya Law, Inc., brings his complaint for violation of his civil rights and those of his minor children, A.M. and GM, under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 1983 and 1988, and 28 U.S.C. § 1343.

2. Venue is proper in this district, pursuant to 28 U.S.C. § 1357, as parties are all residents of New Mexico and all of the acts complained of occurred in New Mexico. Plaintiff's causes of action arose in New Mexico.

## PARTIES

3. Plaintiff Mata is a resident and citizen of the state of New Mexico. Plaintiff's minor children, A.M. and G.M., reside with him;

4. Defendant CITY OF FARMINGTON, Farmington Police Department, is a municipality organized under the laws of the State of New Mexico and its police department;

5. Defendant TYLER RAHN is an Officer of the Farmington Police Department. Defendant, at all relevant times herein, was a law enforcement officer employed by the Farmington Police Department, a governmental agency operated by Defendant City of Farmington.

6. At all times material to this complaint, Defendant Rahn was acting within the scope and course of his employment and under color of state law.

7. Defendant Rahn is sued herein in both his individual and in his official capacities;

8. Defendant ROBERT J. PEREZ is an Officer (Sergeant) of the Farmington Police Department. Defendant, at all relevant times herein, was a law enforcement officer employed by the Farmington Police Department, a governmental agency operated by Defendant City of Farmington.

9. At all times material to this complaint, Defendant Perez was acting within the scope and course of his employment and under color of state law.

10. Defendant Perez is sued herein in both his individual and in his official capacities;

11. Defendant JOHN AHLM is an Officer of the Farmington Police Department. Defendant, at all relevant times herein, was a law enforcement officer

employed by the Farmington Police Department, a governmental agency operated by Defendant City of Farmington.

12. At all times material to this complaint, Defendant Ahlm was acting within the scope and course of his employment and under color of state law.

13. Defendant Ahlm is sued herein in both his individual and in his official capacities;

14. Defendant JEFFREY BROWNING is an Officer of the Farmington Police Department. Defendant, at all relevant times herein, was a law enforcement officer employed by the Farmington Police Department, a governmental agency operated by Defendant City of Farmington.

15. At all times material to this complaint, Defendant Browning was acting within the scope and course of his employment and under color of state law.

16. Defendant Browning is sued herein in both his individual and in his official capacities;

17. Defendant DANIEL BROZZO is an Officer of the Farmington Police Department. Defendant, at all relevant times herein, was a law enforcement officer employed by the Farmington Police Department, a governmental agency operated by Defendant City of Farmington.

18. At all times material to this complaint, Defendant Brozzo was acting within the scope and course of his employment and under color of state law.

19. Defendant Brozzo is sued herein in both his individual and in his official capacities;

20. Defendant MICHAEL BRISENO is an Officer of the Farmington Police Department. Defendant, at all relevant times herein, was a law enforcement officer employed by the Farmington Police Department, a governmental agency operated by Defendant City of Farmington.

21. At all times material to this complaint, Defendant Briseno was acting within the scope and course of his employment and under color of state law.

22. Defendant Briseno is sued herein in both his individual and in his official capacities;

## FACTUAL BACKGROUND

23. This is a civil action for monetary damages, arising from the fact that Defendant Rahn illegally and in violation of the civil rights of the Plaintiff threatened and assaulted Juan Mata and his minor child, A.M., who at the time was seven (7) years of age, with a loaded and potentially lethal firearm. G.M., aged nine (9) years at the time of these events, who witnessed the threat against her father and brother, was seriously traumatized;

24. Plaintiff's federal constitutional claims arise under 42 U.S.C. § 1983, and under the Fourteenth and Fourth Amendments to the United States Constitution.

25. The Fourth Amendment to the United States Constitution reads as follows:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

26. Defendant Juan Mata and his family have a history of protesting against the Farmington Police Department and litigating against the Farmington Police Department for abuses of police authority. This history extends back to at least calendar year 2004, and was well known to all named defendants herein at the time of the events described in this Complaint;

27. Figuring prominently in the litigation history of the Mata family against the Farmington Police Department is Defendant Mike Briseno, who is also a named defendant in this case;

28. On or about February 17, 2008, Defendant Tyler Rahn, in full police uniform and driving a marked Farmington Police Department, initiated a pretextual

traffic stop of Plaintiff Juan Mata and issued him a traffic ticket for "Failure to Maintain Lane";

29. Plaintiff Mata subsequently checked at the Farmington Municipal Court, and almost month later, there was no record of Defendant Rahn's having submitted the traffic citation , and no record that Plaintiff Mata was scheduled for court;

30. A subsequent records check revealed that Defendant Rahn did not file his February 17, 2008 citation of Mr. Mata with the Magistrate Court until early March 2008;

31. On or about June 16, 2008 at approximately 8:40 p.m., Defendant Rahn and the other Defendant Officers herein were present in the street in front of Plaintiff Juan Mata's residence.

32. The apparent reason for Defendant Rahn and the other officers' presence was that a traffic stop was being conducted involving a person not a member or guest of the Mata household.

33. During the course of events, Defendant Rahn, perceiving that Plaintiff Mata was about to operate a motor vehicle without a seatbelt, drew and pointed a loaded, potentially lethal police firearm directly at Plaintiff Mata and in the

direction of A.M., who was seated in the front passenger seat of the vehicle. Both Plaintiff Mata and A.M. were traumatized by this event;

34. The entire event was captured on videotape. A.M. can be seen on the videotape crying loudly and visibly shaken and extremely upset;

35. Juan Mata was arrested on June 16, 2008, ostensibly for an outstanding warrant for the citation issued to him by Defendant Rahn on February 17, 2008;

36. Tickets issued to Plaintiff Mata on February 17, 2008, were dismissed without any finding of guilt;

37. Tickets issued to Plaintiff Mata on June 16, 2008, were subsequently dismissed without any finding of guilt;

38. On June 20, 2008, officers of the Farmington Police Department, including Defendant Tyler Rahn, entered the cartilage of Plaintiff Mata's home, insisting that they had received a telephone call from a woman claiming that she was being beaten by Juan Mata;

39. No such telephone call had originated from Plaintiff Juan Mata's residence, and no such telephone call mentioning Juan Mata's name had been received;

## COUNT I: UNLAWFUL USE OF FORCE IN VIOLATION OF THE FOURTH AMENDMENT BY DEFENDANT TYLER RAHN

40. Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

41. Defendant Tyler Rahn's action of pointing a loaded firearm at Plaintiff Juan Mata and his minor son, A.M., on June 16, 2008, was an act of gross misuse of police force in that this use of potentially lethal force against an unarmed subject and a child of tender years was grossly in excess of any justification therefor;

42. The force that Defendant used upon Plaintiff in order to effectuate this arrest was unnecessary, objectively unreasonable, and excessive under the circumstances and resulted in injury to Plaintiff Juan Mata and to Plaintiff's minor children, A.M. and G.M.;

43. Prior to engaging in his unlawful actions, including the use of unnecessary force against a citizen who posed no threat to the officers themselves or the public, Defendant Rahn had a duty to critically evaluate the facts on which he would rely to support his planned actions and to determine if such actions were objectively reasonable and in good faith under the totality of the circumstances;

44. Defendant Rahn failed to exercise his duty in these regards and his actions were not objectively reasonable. Defendant Rahn's actions during incident described above constituted excessive and unreasonable force;

45. Defendant Rahn's actions were wanton, malicious, intentional, and grossly indifferent to the rights of Plaintiff Juan Mata and his minor children;

46. Defendant Rahn's actions constituted unreasonable and excessive use of force against Plaintiff and Plaintiff's minor children, in violation of rights secured to them under the Constitution and laws of the United States of America;

47. Plaintiff and his children were harmed by the excessive use of police force complained of herein, in an amount to be established at trial, for which they are entitled to just and fair compensation;

## COUNT II: FAILURE BY TYLER RAHN'S FELLOW OFFICERS TO TAKE ACTION TO STOP EXCESSIVE USE OF FORCE

48. Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

49. Each and every individually named Defendant herein, other than Defendant Rahn himself, witnessed Defendant Rahn's excessive use of police force against the Plaintiff and his children, and had a duty to stop, mitigate, curtail and otherwise diminish Defendant Rahn's excessive use of police force;

50. Each and every individually named Defendant herein, other than Defendant Rahn himself, breached his duty to stop, mitigate, curtail and otherwise diminish Defendant Rahn's excessive use of police force;

51. Said failure to stop, mitigate, curtail and otherwise diminish Defendant Rahn's excessive use of police force was a proximate cause of the injury suffered by the Plaintiff and his children;

52. Plaintiff and his children were harmed by the excessive use of police force complained of herein, in an amount to be established at trial, for which they are entitled to just and fair compensation;

## COUNT III: PUNITIVE DAMAGES

53. Each and every foregoing allegation is herein incorporated by reference as if fully set forth;

54. The acts and omissions of Defendant Rahn herein were willful, wanton, intentional, malicious, and committed with the intent to cause harm, and said acts and omissions did in fact cause harm to Plaintiff;

55. The award of punitive damages as against Defendant Rahn is justified and necessary in order to dissuade Defendant Rahn and others from behaving in the same or similar fashion in the future;

**56.** No punitive damages are requested or sought against any

municipalities or against Defendant Rahn in any of his official capacities.

**WHEREFORE,** Plaintiff prays that the Court accept his complaint and order appropriate preliminary hearings on all issues susceptible to such hearings. Plaintiff further prays that the Court, after all preliminary matters are resolved and full discovery has been had, order trial of the case on its merits. Plaintiff further prays that following trial, this Court award nominal, and compensatory damages against all Defendants and in favor of Plaintiff and his two minor children, as well as punitive damages against Defendant Rahn. Finally, Plaintiff prays that this Court award him the costs of this action and reasonable attorney's fees, and such other and further relief as may be deemed just and equitable under the circumstances as described above.

## COUNT IV: MUNICIPAL LIABILITY: CITY OF FARMINGTON (CUSTOM AND POLICY)

57. Each and every foregoing allegation is herein incorporated by reference as if fully set forth;

58. The acts and omissions in violation of Plaintiffs' rights by the Defendant Rahn were perpetrated pursuant to the custom and policy of the City of Farmington.

59. The City of Farmington either maintains an official policy of permitting its officers to engage in harassing behavior and excessive use of force or, in the

alternative, maintains a *de facto* policy of ignoring such actions by Defendant Rahn and other Farmington Police Department officers.

60. The City of Farmington's knowledge of Defendant Rahn's illegal use of force Plaintiff Juan Mata as well as the illegal detentions perpetrated by other Farmington Police Department officers can be inferred by the obviousness of the facts. It is not possible for Defendant Rahn to have acted without the knowledge and permission of the City and of his supervisors.

61. The City of Farmington was deliberately indifferent to the rights of Plaintiffs and other citizens of Farmington.

62. The City's policies, procedures, and/or customs, either official or *de facto*, were a moving force behind Defendant Rahn's illegal acts.

63. The assessment of damages as against the City of Farmington and its Police Department is therefore appropriate in this case.

### COUNT V: MUNICIPAL LIABILITY: CITY OF FARMINGTON (FAILURE TO TRAIN AND SUPERVISE WITH REFERENCE TO EXCESSIVE USE OF FORCE)

64. Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

65. The acts and omissions in violation of Plaintiffs' rights by Defendant Rahn were perpetrated pursuant to the custom and policy of the City of

Farmington.

66. The City of Farmington failed to train Defendant Rahn and/or failed to supervise Defendant Rahn regarding the circumstances under which he could perform a warrantless search and arrest.

67. The City of Farmington's failure to train and/or supervise Defendant Rahn regarding his appropriate handling of situations such as that involving the Plaintiffs can be inferred from the obviousness of the facts in this case.

68. The City of Farmington was thereby deliberately indifferent to the rights of Plaintiffs and other citizens of Farmington.

69. The City's failure to train and supervise Defendant Rahn was a moving force behind Defendant Rahn's illegal acts.

70. Plaintiffs were harmed and damaged by the failure to train and/or adequately supervise Defendant Rahn, in an amount to be established at a trial on the merits of this action.

### COUNT VI: MUNICIPAL LIABILITY: CITY OF FARMINGTON (FAILURE TO TRAIN AND SUPERVISE WITH REFERENCE TO POLICE OFFICERS' DUTY TO INTERVENE AND STOP THE USE OF EXCESSIVE FORCE BY A FELLOW OFFICER)

71. Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

72. The acts and omissions in violation of Plaintiffs' rights by Defendants

who failed to intervene to stop Defendant Rahn were perpetrated, in whole or in part, pursuant to the City of Farmington Police Department's failure to adequately train and supervise these Defendants with respect to their obligations concerning their obligation to intervene to stop a fellow officer engaging in excessive use of force;

73. The City of Farmington failed to train these Defendants and/or failed to supervise these Defendants regarding the circumstances under which they had duty to intervene to stop the excessive use of police force by a fellow officer;

74. The City of Farmington's failure to train and/or supervise Defendants regarding the appropriate handling of an excessive use of police force situation such as that involved under the facts of this case can be inferred from the obviousness of the facts in this case.

75. By failing to adequately train and supervise the officers who accompanied Officer Rahn, the City of Farmington was thereby deliberately indifferent to the rights of Plaintiffs and other citizens of Farmington.

76. The City's failure to train and supervise the officers who accompanied Defendant Rahn was a moving force behind Defendant Rahn's illegal acts.

77. Plaintiffs were harmed and damaged by the failure to train and/or adequately supervise the Defendants, in an amount to be established at a trial on

the merits of this action.

**WHEREFORE,** Plaintiff prays for trial by jury as to all counts so triable in this Complaint, and after trial by jury for awards of compensatory and punitive damages in appropriate amounts, for costs of this action, and for reasonable attorney's fees.

                        Respectfully submitted,
                        **MONTOYA LAW, INC.**

By:  _____
      Dennis W. Montoya
      Attorney for Plaintiffs
      P.O. Box 15235
      Rio Rancho, NM   87174

      (505) 246-8499
      (505) 246-8599 (facsimile)
      dmontoya@montoyalaw.com