# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JUAN MATA, on his own behalf
and as Parent and Next Friend of
JAM and GM, minors,

       Plaintiff,

vs.                                                                                          No. CIV 10-0366 JB/LFG

THE CITY OF FARMINGTON,
Farmington Police Department,
a municipality organized under the
laws of the State of New Mexico and
its Police Department;

TYLER RAHN, an Officer of the
Farmington Police Department,
Individually and in his Official Capacity;

ROBERT J. PEREZ, an Officer (Sergeant)
of the Farmington Police Department,
Individually and in his Official Capacity;

JOHN AHLM, an Officer of the
Farmington Police Department,
Individually and in his Official Capacity;

JEFFREY BROWNING, an Officer of the
Farmington Police Department,
Individually and in his Official Capacity;

DANIEL BROZZO, an Officer of the
Farmington Police Department,
Individually and in his Official Capacity;

MIKE BRISENO, a/k/a Mike Briseno,
an Officer of the Farmington Police Department,
Individually and in his Official Capacity,

       Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the Defendant Officers' Objection to Plaintiffs' Voir Dire, filed June 17, 2011 (Doc. 102).  The Court held a hearing on June 29, 2011.  The primary issue is whether the Court should require Plaintiff Juan Mata to disclose the questions he will ask in voir dire before the trial begins.  In the Plaintiff's Description of Areas Requested to Be Covered in Voir Dire, filed June 15, 2011 (Doc. 96), Mata submitted several areas that he wishes to cover in voir dire, including attitudes towards the tort law system, attitudes towards lawsuits against law enforcement officers, attitudes towards excessive force allegations against law enforcement officers, close relationships with law enforcement, ability to set aside personal feelings and follow court instructions, and strong feelings of any kind which might interfere with an ability to be fair and impartial.  Defendants Tyler Rahn and John Ahlm ("the Defendant Officers") argue that Mata has not submitted voir dire questions to which they can agree or object, and that they are thus in a position of learning what the questions are when they are asked.  The Defendant Officers asked the Court to craft a remedy which would allow them to not be caught off guard with questions that they might find objectionable.  At the hearing, the Defendant Officers suggested that Mata identify the questions he intends to ask so that they can raise any objections they might have.  Mata stated that he would ask whether there is any one who feels that police officers have an absolute right to decide what force should be used in the execution of an arrest, whether there is any one who has a problem with the idea that courts have a right to intervene, whether any one is employed in risk management, and follow-up questions on whether the panel had experiences in being arrested, and follow-up questions to the Court's questions.  The Defendant Officers represented that, if Mata's voir dire is limited to these topics, they do not object to his proposed voir dire.  With that clarification, for these reasons, and the reasons stated on the record at the hearing, the Court will overrule the objection to

voir dire without prejudice to the Officer Defendants renewing their objections at a later time if circumstances change during voir dire.

**IT IS ORDERED** that the Defendant Officers' Objection to Plaintiffs' Voir Dire, filed June 17, 2011 (Doc. 102), is overruled.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Santiago E. Juarez
Albuquerque, New Mexico

   *Attorney for the Plaintiff*

Luis E. Robles
Terri S. Beach
Robles, Rael & Anaya
Albuquerque, New Mexico

   *Attorneys for the Defendants*